By the Court.—Truax, J.
The motion to vacate the order of arrest was made upon the papers upon which the order of arrest was granted. The respondent claims that the order should be affirmed because it nowhere appears that the defendant had him arrested, and cites § 567 of the Code of Civil Procedure in support of his claim. The object of that section is to limit the time in which a person arrested shall make his motion to vacate the order of arrest, or to reduce the amount of bail, or to increase the security given by the plaintiff. Section 568 provides that an application to vacate an order of arrest may be founded only upon the papers upon which it is granted. Now, when such an application is founded only upon the papers upon which the order of arrest was granted, it will not appear whether the defendant has, or has not been arrested; and to hold that the defendant cannot move to vacate an order of arrest until after he has been arrested would, in. effect, nullify this provision of the Code. We *517 are of the opinion that the power of the court to vacate an order of arrest, before the service thereof, is one of the inherent powers of the court, to be exercised within the limitations prescribed by sections 567 and 568 of the Code of Civil Procedure.
The order of arrest was granted on affidavits without a complaint. The affidavits show four causes of action, three of which plaintiff holds by assignment. As to two of the causes of action the averments are all on information and belief.
We are of the opinion that the affidavits, as far as these two causes of action are concerned, did not warrant granting the order of arrest. No reason is given why the persons who gave plaintiff the information on which his affidavit was based, have not made affidavits of the facts within their knowledge. Plaintiff could not prove his case at the trial by showing that he had received certain information that he believed, and there is no reason why he should be allowed an order of arrest on such information. No man should be arrested civilly, on mere information and belief. Mere information and belief is not proof or evidence in any legal sense (Roderigas v. East River Savings Bank, 76 N. Y. 323); or as was said in Mowry v. Sanborn, 65 N. Y. 584, “It may as a general rule, be safely affirmed, that in the sense of the law, a general assertion of a fact in an affidavit upon information and belief, proves nothing.”
When a plaintiff wishes to obtain an order of arrest on information that he has obtained from other persons it is at least his duty to give some reason why he does not present affidavits from the persons who have given him his information. It is true that the plaintiff herein says that he has been unable to obtain the affidavits of the persons from whom he obtained his information, but he does not give a legal excuse for his failure to obtain such affidavits.
It thus appears that as to two of the causes of action set forth in plaintiff’s affidavit, the order of arrest was *518 improperly granted, and for this reason the motion to vacate should have been granted. Madge v. Puig, 71 N. Y. 608; Am. Union Tel. Co. v. Middleton, 80 Ib. 408 ; Knight v. Abell, 15 N. Y. St. Rep. 989.
The four causes of action set up in the moving papers are of the sam% kind, viz.: the plaintiff alleges that he and his assignors gave to the defendant, who was a broker in stock, oil and grain, certain sums of money as margin in the sale of oil; that the defendant was requested “ to close said oil ” ; that the defendant promised so to do, and also promised to settle his accounts and to return said margins, and that he has failed so to do, but has converted the same.
It evidently was the intention of the plaintiff to set forth a right to arrest within subd. 3 of § 550 of the Code of Civil Procedure. But it is to be noticed that nowhere does the plaintiff allege, in apt language, that a certain sum of money is due him from defendant. It may well be that plaintiff and his assignors gave the defendant certain sums of money as margin in the sale of oil, but it does not necessarily follow that any of the margin yet remains with the defendant to be returned to plaintiff.
The agreement between plaintiff and his assignors and the defendant, was that the defendant might use the money he received as his own and that he would pay whatever amount was due on demand (see McBurney v. Martin, 6 Robt. 502; Robbins v. Falconer, 43 Super. Ct. 363); and as the plaintiff has not shown by legal evidence that anything is due him, the order of arrest should have been vacated.
The order is reversed with costs, and the order of arrest is vacated with $10 costs.
Sedgwick, Ch. J., concurred.